UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KYRIAKOS KAPIRIS, a/k/a "Rick Kapiris,"<br><br>Defendant. | Criminal No.<br><br>Violations:<br><br>Counts One and Two: Wire Fraud<br>(18 U.S.C. § 1343)<br><br>Count Three: Money Laundering<br>(18 U.S.C. § 1957)<br><br>Wire Fraud Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461(c))<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1)) |

## INDICTMENT

At all times relevant to this Indictment:

### General Allegations

1. The defendant, Kyriakos KAPIRIS, a/k/a "Rick Kapiris," resided in Worcester County, Massachusetts.

2. Victim #1 was a non-profit organization located in Sturbridge, Massachusetts.

3. From in or about April 2015 until in or about May 2020, Victim #1 employed KAPIRIS as an Information Technology ("IT") Manager.

4. Bank of America was a financial institution headquartered in Charlotte, North Carolina and insured by the Federal Deposit Insurance Corporation.

1

5. Square Inc. ("Square") was an online digital payment company headquartered in San Francisco, California.

6. Amazon, Inc. ("Amazon") was an e-commerce company headquartered in Seattle, Washington.

7. Business #1 was an actual company based in Waltham, Massachusetts that engaged in the sale of information technology products.

8. Business #2 was an actual company based in Worcester, Massachusetts, that engaged in the sale of information technology products.

9. Contractor #1 was a contracting company engaged by KAPIRIS to build a new residence for KAPIRIS at 49 Westbrook Road, Northborough, Massachusetts.

## Scheme to Defraud

10. Beginning in or around December 2016, and continuing through at least in or around May 2020, KAPIRIS engaged in a scheme to defraud Victim #1 by creating false purchasing orders and invoices reflecting supposed purchases of IT equipment, and by making credit card payments to online accounts that he created or controlled.

11. As IT Manager for Victim #1, KAPIRIS was authorized to make legitimate business purchases using either of two credit cards maintained by Victim #1, an administrative credit card or an IT Department credit card.

12. In order to use Victim #1's administrative credit card, KAPIRIS was required to obtain supervisor approval through the submission of a purchase order before incurring the relevant expense.

2

13. In order to use Victim #1's IT Department credit card, KAPIRIS was not required to obtain prior supervisor approval but, instead, was required to submit an invoice documenting the expense following the purchase.

14. In or about December 2015, KAPRIS created a vendor account on Amazon, Inc. under the name NetworkingPlus. NetworkingPlus never sold any IT equipment to Victim #1.

15. In or about May 2016, KAPIRIS created a vendor account on Square under the name of Business #1. However, Business #1 did not use the Square payment application nor has Business #1 ever sold any IT products to Victim #1.

16. In or about August 2019, KAPIRIS created a vendor account on Square under the name of Business #2. However, Business #2 did not use the Square payment application nor has Business #2 ever sold any IT products to Victim #1.

17. Beginning in 2016, KAPIRIS used both Victim #1's administrative credit card and the personal IT Department credit card to make online payments to the NetworkingPlus Amazon account, the Business #1 Square account, and the Business #2 Square account for products that were never purchased or provided.

18. In order to obtain supervisor approval to make fraudulent payments using Victim #1's administrative card and Victim #1's IT Department credit card, KAPIRIS submitted fabricated purchasing orders from NetworkingPlus, Business #1, and Business #2 for products never ordered or received by Victim #1.

## COUNTS ONE AND TWO
## Wire Fraud
## (18 U.S.C. § 1343)

The Grand Jury charges:

19. The Grand Jury re-alleges and incorporates by reference paragraphs 1-18 of this Indictment.

20. On or about the dates set forth below, in the District of Massachusetts, the defendant,

KYRIAKOS KAPIRIS, a/k/a "Rick Kapiris,"

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | September 23, 2019 | Credit card payment in the amount of $4,599.80 from Victim #1's administrative credit card to the "Business #2" Square account. |
| 2 | March 4, 2020 | Credit card payment in the amount of $1,149.95 from Victim #1's IT Department credit card to the "Business #1" Square account. |

All in violation of Title 18, United States Code, Section 1343.

## COUNT THREE
## Money Laundering
## (18 U.S.C. § 1957)

The Grand Jury further charges:

20. The Grand Jury re-alleges and incorporates by reference paragraphs 1-18 of this Indictment.

21. KAPIRIS linked the NetworkingPlus Amazon account, the Business #1 Square account, and the Business #2 Square account to several Bank of America accounts that KAPIRIS owned or controlled, including a Bank of America bank account ending in -2910 (the "2910 Account").

22. KAPIRIS transferred funds stolen from Victim #1 from the Networking Plus Amazon account, the Business #1 Square account, and the Business #2 Square account to Bank of America accounts that he owned or controlled, including the 2910 Account.

23. KAPIRIS then engaged in monetary transactions of over $10,000 for his own benefit using funds stolen from Victim #1, including payments to Contractor #1.

24. On or about September 25, 2019, in the District of Massachusetts, the defendant,

KYRIAKOS KAPIRIS, a/k/a "Rick Kapiris,"

knowingly engaged and attempted to engage in a monetary transaction in criminally derived property of a value greater than $10,000, to wit: the payment of funds via Bank of America check #2458, payable to Contractor #1 and in the amount of $19,250, drawn on the 2910 Account and thereafter deposited by Contractor #1, which monetary transaction involved the proceeds of a

specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code 1343, as charged in Count One.

All in violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1.  Upon conviction of the offenses in violation of Title 18, United States Code Section 1343, set forth in Counts One and Two, the defendant,

    KYRIAKOS KAPIRIS, a/k/a "Rick Kapiris,"

    shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

    a. $371,088.97, to be entered in the form of a forfeiture money judgment.

2.  If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

7

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 1957, set forth in Count Three, the defendant,

KYRIAKOS KAPIRIS a/k/a RICK KAPIRIS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

   a. 49 Westbrook Road, Northborough, Massachusetts.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

FOREPERSON

LUCY SUN
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: OCTOBER 21, 2021
Returned into the District Court by the Grand Jurors and filed.

Dawn M. King  10/21/21
DEPUTY CLERK